## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **JERRI MABE MUSCARELA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 22-4026-JWL** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Local counsel, Mr. Roger Driskill, filed this action on April 25, 2022, seeking

judicial review of a decision of the Acting Commissioner of Social Security (hereinafter

Commissioner) denying disability insurance benefits (DIB) under sections 216(i), and

223 of the Social Security Act.    42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).

(Docs. 1, 2).    Summons was issued the same day.    (Docket Sheet).    On July 11, 2022,

Mr. Driskill filed a motion for Mr. David F. Chermol to appear pro hac vice.    (Doc. 3).

The Clerk's office identified processing and technical difficulties with the motion and

informed counsel they must be corrected before the motion could be approved.    After

the problems were not corrected, on July 27, 2022, the court denied the motion.    (Doc.

4).    When the docket did not reveal service of process within the time allowed by Fed.

R. Civ. P. 4(m), the court issued an Order to Show Cause no later than September 8, 2022

why this case should not be dismissed without prejudice for failure to complete service of process within the time allowed.    (Doc. 5).    It is now beyond the deadline and Plaintiff has not responded to the court's order.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."   Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).    Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice."   Id. (quotation omitted).    In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors:    (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective.   Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)).    "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."   Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has suffered little prejudice by Plaintiff's failure to actively prosecute this case although she has not been notified that Plaintiff intends to challenge the decision below.    The second factor supports dismissal of this action.    The manner in which Plaintiff has prosecuted this case (or, perhaps more

accurately, not prosecuted this case) has risen to the level of interfering with the judicial process.   The court has invested time and effort into shepherding this case, without success.   Plaintiff's failure to respond so far does not indicate any intent to further prosecute this case.

This leads to consideration of the third factor which focuses on the plaintiff's culpability.   The third factor more heavily weighs in favor of dismissal.   As is more fully laid out above, Plaintiff's counsel has failed to respond to any of the court's orders or the Clerk's direction to correct the Pro hac Vice motion.   Counsel's failure to act is attributable to Plaintiff.

The fourth factor is also satisfied.   The court's "Order to Show Cause" specifically warned that a failure to respond could result in dismissal of the case.   (Doc. 5).   Finally, the court considers the efficacy of lesser sanctions.   So far as the court is aware, Plaintiff, or at least counsel, has abandoned this case.   The court is unable to identify any appropriate lesser sanction in a Social Security case which would secure prosecution of the case.   After carefully reviewing the record before the court and the history of this case, the court concludes that no remedy short of dismissal would be effective.

After consideration of the five Ehrenhaus factors in light of the circumstances of this case, the court concludes that the factors weigh in favor of dismissal of this action. This case is interfering with the judicial process because it continues to linger on the court's docket without any meaningful progress toward resolution.   Plaintiff's culpability

3

for this predicament is high because counsel has failed its duty to respond to or obey the orders and rules of the court.   And the court forewarned Plaintiff that failure to respond to the Order to Show Cause could result in dismissal of this case.   At this point in time, the court believes that dismissal is the only remedy available.

**IT IS THEREFORE ORDERED** that this case is dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the court's orders.

Dated this 12th day of September 2022, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

4